# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CHEIKH HOWARD GWINGUE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-15 (MTT) |
| | ) |
| Warden DON BLAKELY, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is the Petitioner's objection to the Recommendation of Magistrate Judge Charles H. Weigle (Doc. 16). Doc. 19. The Magistrate Judge recommended granting the Respondent's motion to dismiss the Petitioner's application for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 because the Petitioner had not exhausted his "'remedies available in the courts of the State.'" *Id.* at 2 (quoting 28 U.S.C. § 2254(b)(1)(A)). The Magistrate Judge also recommended denying a certificate of appealability. *Id.* The Court previously reviewed the Recommendation (Doc. 16), and accepted and adopted the findings, conclusions, and recommendations of the Magistrate Judge after the deadline to file an objection to the Recommendation had passed.[1] Doc. 17. The Petitioner then objected to the Recommendation. Doc. 19.

---

[1] The Magistrate Judge's Recommendation notified the parties that they each may serve and file written objections to the Recommendation or seek an extension of time to file objections within fourteen days after being served with a copy of the Recommendation. Doc. 16 at 3 (citing 28 U.S.C. § 636(b)(1)). The Recommendation was filed and mailed to the parties on September 24, 2018. The Court adopted the Recommendation on October 15, 2018. Doc. 17. The Petitioner filed his objection on October 16, 2018. Doc. 19.

The Court construes the Petitioner's objection (Doc. 19) as a motion for reconsideration of the Magistrate Judge's Recommendation. *See McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222 (M.D. Ga. 1997) (citing Fed. R. Civ. P. 54(b)). Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga. 2010) (internal quotation marks and citation omitted). The Petitioner included additional facts regarding his previous criminal case to support his habeas petition, but at no point did he mention anything regarding his failure to exhaust his state court remedies before bringing this habeas action in federal court.[2] *See generally* Doc. 19.

The Court has reviewed its previous Order (Doc. 17) for clear error. The Court concludes that the Petitioner's arguments in his motion (Doc. 19) do not warrant rejection or modification of the Court's adoption (Doc. 17) of the Magistrate Judge's Recommendation (Doc. 16). Accordingly, the Petitioner's motion for reconsideration (Doc. 19) is **DENIED**.

**SO ORDERED**, this 7th day of November, 2018.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Thus, even if the Petitioner had timely objected and the Court had reviewed the Recommendation (Doc. 16) de novo, the Court would have still adopted the Recommendation.